John W. HUBER, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent,

and

United Brotherhood of Carpenters and
Joiners of America, Local Union
No. 515, Intervenor.

No. 71–1236.

United States Court of Appeals,
Tenth Circuit.

March 10, 1972.

David R. Gorsuch, Denver, Colo. (Charles E. Grover and Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., on the brief), for petitioner.

William Wachter, Washington, D. C. (Eugene G. Goslee, Acting Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Elliott Moore and Marjorie S. Gofreed, Attys., N. L. R. B., on the brief), for respondent.

Wayne D. Williams, Denver, Colo. (Williams, Erickson & Wallace, Denver, Colo., on the brief), for intervenor.

Before BREITENSTEIN, HILL and McWILLIAMS, Circuit Judges.

PER CURIAM.

Petitioner Huber seeks review of a National Labor Relations Board order dismissing a complaint against the United Brotherhood of Carpenters & Joiners of America, Local Union No. 515. The Board's decision and order are reported at 188 NLRB No. 115.

Huber was employed in Colorado Springs, Colorado, as a carpenter by G. E. Johnson Construction Company which had a collective bargaining agreement, containing a union security clause, with the Union. The complaint charged that the Union caused or attempted to cause the Company to discharge Huber for nonpayment of dues and thereby violated the National Labor Relations Act, 29 U. S.C. § 151 et seq. It is alleged that Huber was outside the bargaining unit and that the Union improperly required the payment of certain assessments before it would accept his "periodic dues."

After a hearing the Trial Examiner held that the Union had wrongfully sought Huber's discharge because of nonpayment of assessments as well as dues. In overruling the Trial Examiner, the Board found that the General Counsel had not sustained the burden of proving that the Union caused or attempted to cause Huber's discharge and dismissed the complaint. The Board did not reach the questions of Huber's inclusion in the unit or the Union's insistence upon the payment of assessments as well as dues.

The facts are adequately and fairly summarized in the Board's decision and need not be repeated. The Board adopted the Trial Examiner's credibility resolutions and underlying factual findings. It disagreed with him only on the inferences to be drawn therefrom. It rejected his finding that the Company had sufficiently participated in Huber's "cessation of work" to result in a "causing of termination" by the Union, and found nothing to support the conclusion that the Union had directly or indirectly ever requested or demanded that the Company discharge Huber or that the Company ever had in fact discharged him.

The evidence is capable of supporting different inferences. It is within the province of the Board to draw a different inference from that of the Trial Examiner even though the finding of the Examiner may not be clearly erroneous. National Labor Relations Board v. Central Machine & Tool Company, 10 Cir., 424 F.2d 542, 543, and Rocky Mountain Natural Gas Company v. National Labor Relations Board, 10 Cir., 326 F.2d 949, 951. We will not disturb a permissible inference drawn by

the Board from credible and substantial evidence. American Sanitary Products Co. v. National Labor Relations Board, 10 Cir., 382 F.2d 53, 55, and cases there cited.

Affirmed.